**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 99-50922**

---

**United States of America,**

**Plaintiff-Appellee,**

**v.**

**Moses Ramirez**

**Defendants-Appellant,**

---

**Appeal from the United States District Court for the**
**Western District of Texas**

---

November 9, 2000

Before GOODWIN[*], GARWOOD, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Moses Ramirez appeals his conviction for forcibly assaulting a federal officer in violation of 18 U.S.C. § 111. Ramirez was convicted after a jury trial and was sentenced to thirty-six months of imprisonment, to be followed by one year of supervised release. Ramirez now challenges his convictions, claiming that the evidence is insufficient to sustain his conviction and that his indictment was constitutionally inadequate. We affirm Ramirez's conviction.

---

[*] Circuit Judge of the Ninth Circuit, sitting by designation.

The facts of this case are straightforward, albeit unpleasant. On January 12, 1998, Ramirez was an inmate in the special housing unit of the Federal Correctional Institution (FCI) located in Bastrop, Texas. Senior Corrections Officer Stephen Griffin was retrieving the inmates breakfast trays through a small "trap door" in each cell's door. When Officer Griffin attempted to collect Ramirez's tray, Ramirez hurled a cup filled with a urine-feces mixture at Griffin, striking Griffin's chest and lower body regions. As Griffin attempted to close the trap door, Ramirez hurled a second cup of the urine-feces mixture at him, this time striking all over Griffin's body, from the neck down. As applicant hurled the second cup of the substance at Griffin he hurled a crude verbal insult. Ramirez's comment was an apparent reference to an incident report filed by Officer Griffin the previous day, describing an altercation that Ramirez had initiated with guards.

Following the urine-feces hurling incident, Officer Griffin was examined by medical professionals, who determined that he had not been injured. This examination also revealed that Griffin did not have any open lesions that had been exposed to the substance, and that none of his sensitive mucous membranes had been hit.

Ramirez now appeals his conviction stemming from this disgusting incident, arguing that the evidence presented was insufficient to support his conviction for forcibly assaulting a

2

federal officer.  This court reviews the sufficiency of evidence to determine whether any reasonable jury could have found that the evidence established guilt beyond a reasonable doubt.  <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979); <u>U.S. v. Martinez</u>, 975 F.2d 159, 160-61 (5th Cir. 1992).  In performing this "reasonableness of the jury" analysis, this court views all evidence in the light most favorable to the Government.  <u>U.S. v. Shabazz</u>, 993 F.2d 431, 441 (5th Cir. 1993); <u>U.S. v. Alonzo</u>, 681 F.2d 997, 1000 (5th Cir. 1982).  All reasonable inferences are construed in accordance with the jury's verdict, and the jury is solely responsible for determining the weight and credibility of the evidence.  <u>Martinez</u>, 975 F.2d at 161.

The statute governing this case is 18 U.S.C. § 111, which, in relevant part,  punishes anyone who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with [a federal officer] while engaged in or on account of the performance of official duties."  The statute goes on to set three different levels of punishment, depending on the nature and severity of the assault.  The statute dictates that a violator

> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and in all other cases, be fined under this title or imprisoned not more than three years, or both.

The statute then announces an "enhanced penalty" of up to ten years imprisonment for assaults wherein the violator "uses a deadly or

3

dangerous weapon . . . or inflicts bodily injury." 18 U.S.C. § 111(2)(b).

While the language of the statute seems to suggest that there are three different punishments for one crime, this circuit has interpreted 18 U.S.C. § 111 to create three separate offenses: "(1) simple assault; (2) more serious assaults but not involving a dangerous weapon; and (3) assault with a dangerous weapon." United States v. Nunez, 180 F.3d 227, 233 (5th Cir. 1999). The parsing of 18 U.S.C. 111 into three separate offense was guided by and consistent with the Supreme Court's recent decision in Jones v. United State, 526 U.S. 227 (1999).[1]

While Nunez properly understood 18 U.S.C. 111 as creating three separate offenses rather than a single offense with three punishments, the precise contours of these three independent offenses are not well defined by either the statute or by Nunez. Nor have subsequent decisions in this circuit clarified the differences between "simple assault," "more serious assaults not involving a dangerous weapon," and "assaults with a dangerous weapon." See Nunez, 180 F.3d at 233. However, a sister circuit, the Second, has offered definitions of the three forms of assault under 18 U.S.C. § 111

---

[1]The Nunez panel modeled its interpretation of 18 U.S.C. § 111 on the Supreme Court's construction of 18 U.S.C. § 2119 in Jones: "Jones teaches us to avoid encroaching on a defendant's Fifth Amendment rights by construing statutes setting out separate punishments as creating separate, independent criminal offenses rather than a single criminal offense with different punishments. . . . Likewise, we read 18 U.S.C. § 111 as creating three separate offenses . . . .

4

>    [F]or practical purposes § 111 creates three distinct
>    categories of conduct: simple assault, which, in accord
>    with the common law (1) definition, does not involve
>    touching; (2) "all other cases," meaning assault that
>    does involve contact but does not result in bodily injury
>    or involve a weapon; and (3) assaults resulting in bodily
>    injury or involving a weapon.

United States v. Chestaro, 197 F.3d 600, 606 (2nd Cir. 1999).  We find this to be a reasonable construction of the statute.

First, while 18 U.S.C. § 111 uses the term "simple assault," this phrase is not defined anywhere in the federal criminal code, nor in the decisions of this circuit.  Nonetheless, a judicial  interpretation of Congress's use of the phrase "simple assault" is available in the context the statute proscribing assaults within the special maritime and territorial jurisdiction of the United States, 18 U.S.C. § 113.  As used in this frequently interpreted statute, "simple assault" has been held to "embrace the common law meaning of the term."  United States v. Stewart, 568 F.2d 501, 504 (6th Cir. 1978).  See United State v. Estrada-Fernandez, 150 F.3d 491, 494 n.1 (5th Cir. 1998).  It is a well established principle of statutory construction that Congress intends to adopt the common-law meaning of statutory terms, absent contrary indications.  United States v. Shabani, 513 U.S. 10, 13 (1994). Because Congress was silent as to the meaning of "simple assault" when it amended 18 U.S.C. § 111 in 1994 to contain the term, the canons of statutory interpretation demand that we assign "simple assault" its common law meaning.  At common law, "simple

5

assault" was, of course, an "attempted battery" or the "placing of another in reasonable apprehension of a battery."  See LaFave & Scott, Substantive Criminal Law § 7.16 (1986).  Thus at common law "simple assault" did not involve any physical contact.

With "simple assault" having its common law meaning under 18 U.S.C. 111, "all other cases" refers to those assaults contemplated by the statute which do involve physical contact, but do not involve a deadly weapon or bodily injury.  Thus, the statutory meaning of "all other cases" is arrived at by a simple process of elimination.  Any *physical contact* which by which a person "forcibly assaults, resists, impedes, intimidates, or interferes with" a federal officer in the performance of his duties but which does not involve a deadly weapon or bodily injury, falls into the "all other cases" category under 18 U.S.C. § 111 and is punishable by up to three years imprisonment.

Given this definition of "all other cases" under 18 U.S.C. § 111, Ramirez's argument that the evidence against him is insufficient to sustain his conviction because the Government did not present evidence of bodily harm and/or the creation of apprehension of imminent harm does not contradict his conviction under this intermediate form of assault.  Neither bodily harm nor the creation of apprehension is a requirement for an "all other cases" assault under 18 U.S.C. 111.  By hurling the urine-feces mixture onto Officer Griffin, Ramirez committed an assault which

involved physical contact, but not a deadly weapon or bodily harm. Ramirez's vile attack on Officer Griffin is thus the very sort of physical but non-injurious assault contemplated by the "all other cases" provision of the statute.

There are ample precedents, from this circuit and others, holding that actions such as Ramirez's constitute assault on a federal officer in violation of 18 U.S.C. § 111. See, e.g. United States v. Fernandez, 837 F.2d 1031, 1035 (11th Cir. 1988) (bumping assistant United States Attorney while repeatedly advising the attorney to "watch his back" constitutes assault on a federal officer); United States v. Frizzi, 491 U.S. 1231, 1232 (1st Cir. 1974) (spitting in the face of a mail carrier sufficient for assault on a federal officer); United States v. Sommerstedt, 752 F.2d 1494 (9th Cir. 1985)(holding that the use of any force whatsoever can be an assault on a federal officer); United States v. Hightower, 512 F.2d 60, 61 (5th Cir. 1975)(grabbing a federal wildlife agent's jacket was assault on a federal officer); United States v. Hernandez, 921 F.2d 1569, 1576 (11th Cir. 1991)(poking IRS agent in the chest in a threatening manner is assault on a federal officer). Consistent with these precedents and viewed in the light most favorable to the Government, the evidence presented is more than sufficient to sustain Ramirez's conviction for an "all other cases" assault on a federal officer.

7

Ramirez also contends that his indictment failed to notify him as to whether he was charged with simple assault or a more serious form of assault. Ramirez thus argues that his indictment omitted an essential element of the offense (i.e. which form of assault he was being charged with) and was therefore constitutionally deficient. While Ramirez did not raise this argument in the district court, the sufficiency of an indictment is a jurisdictional matter and may be raised for the first time on appeal. U.S. v. Brown, 217 F.3d 247, 256, n.5 (5th Cir. 2000); U.S. v. Fitzgerald, 89 F.3d 218, 221 (5th Cir. 1996). If an objection to the indictment is raised for the first time on appeal, as here, and the appellant does not assert prejudice, then the indictment must be read with the maximum liberality. Brown, 217 F.3d at 256; Fitzgerald, 89 F.3d at 221 (5th Cir. 1996). We must find the indictment sufficient unless it is so defective that by any reasonable construction, it fails to charge the offense for which the defendant is convicted. Brown, 217 F.3d at 256; Fitzgerald, 89 F.3d at 221.

To pass constitutional muster, an indictment must allege all of the elements of the offense charged. See United States v. Shelton, 937 F.2d 140, 142 (5th Cir. 1991). In determining the sufficiency of an indictment, "the law does not compel a ritual of words." U.S. v. Richards, 204 F.3d 177, 191 (5th Cir. 2000). Further, "the test of the validity of an indictment is not whether

8

the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimum constitutional standards." Id. (internal quotation marks and citations omitted). An indictment is constitutionally adequate where it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. U.S., 418 U.S. 87, 117 (1974).

Ramirez argues that his indictment was constitutionally deficient because it failed to allege all of the elements of the offense with which Ramirez was charged, thereby failing to give him notice of the charge. More specifically, Ramirez argues that the indictment did not notify him as to which form of assault he was charged with under 18 U.S.C. § 111. In relevant part, the indictment alleged that Ramirez

> knowingly and intentionally did forcibly assault Steven Griffin, a Senior Corrections Officer at the Federal Corrections Institution, Bastrop, Texas, an employee of an agency of the United States Government, by striking said Steven Griffin on his body with urine and feces, while said Steven Griffin was engaged in and on account of the performance of his official duties, in violation of Title 18, United States Code, Section 111.

Reading this indictment with "maximum liberality" it seems clear that this instrument can be reasonably construed to charge Ramirez with the offense of which he was ultimately convicted, an "all other cases" assault involving physical contact but not bodily harm or a weapon. See U.S. v. Richards, 204 F.3d

9

177, 191 (5th Cir. 2000). First, Ramirez's indictment follows the language of 18 U.S.C. § 111: the key phrases "forcibly assault" and "while engaged in or on account of the performance of official duties" appear in both the statute and the indictment. Generally, an indictment which follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which he is charged. See, e.g. Bennett v. U.S., 285 F.2d 567, 571-72 (5th Cir. 1961). Second and more importantly, a detailed description of the assault which Ramirez is alleged to have committed is contained in the indictment. The indictment specifically described the offensive physical contact inflicted upon Officer Griffin by Ramirez.

While it is true that the indictment did not specifically use the "all other cases" language or label Ramirez's alleged assault as such, by both invoking the statute and describing the offensive physical contact, the indictment adequately informed Ramirez of the charge he was facing. Ramirez could have easily combined the language of the cited statute with the details of the physical contact to realize that his alleged assault fell into the "all other cases category." While a better indictment might have included the "all other cases" language, Ramirez is not constitutionally entitled to a perfect indictment, merely an adequate one. See Richards, 204 F.3d at 191; U.S. v. Wilson, 884 F.2d 174, 179 (5th Cir. 1989). Read with "maximum liberality"

10

there is no doubt that Ramirez's indictment met the minimum constitutional standards.

Because an "all other cases" assault on a federal officer in violation of 18 U.S.C. § 111 does not require bodily injury or the creation of apprehension, and because the indictment adequately informed Ramirez of the charges against him, Ramirez's conviction is **AFFIRMED.**