IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20421
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCO TULIO CAVIELES-GODOY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-676-1
--------------------
February 15, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Marco Tulio Cavieles-Godoy (Cavieles) appeals his guilty-plea conviction and sentence for being an alien illegally found in the United States subsequent to deportation. See 8 U.S.C. § 1326.

Cavieles argues that a prior offense, upon which his sentence was enhanced, is an element of an 8 U.S.C. § 1326(b) offense and that the failure of the superseding indictment to allege the element results in an illegal sentence. He relies on Apprendi v. New Jersey, 120 S. Ct. 2348, 2362-63 (2000), for

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

support.  He acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998), but he suggests that the holding of Apprendi places the authority of Almendarez-Torres in question.  This court is "compelled to follow faithfully a directly controlling Supreme Court precedent unless and until the Supreme Court itself determines to overrule it."  United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000) (internal quotation and citation omitted), petition for cert. filed, (U.S. Jan. 26, 2001) (No. 00-8299).  Accordingly, Cavieles' argument is without merit.  See id.

Cavieles argues that the superseding indictment is fundamentally defective because it fails to allege a general intent element, and therefore, the indictment fails to charge Cavieles with an offense.  "If an objection to the indictment is raised for the first time on appeal, as here, and the appellant does not assert prejudice, then the indictment must be read with the maximum liberality."  United States v. Ramirez, 233 F.3d 318, 322 (5th Cir. 2000); see United States v. Guzman-Ocampo, 236 F.3d 233 (5th Cir. 2000).

Section 1326 is a general-intent offense.  Guzman-Ocampo, 236 F.3d at 238-39.  The allegation of general intent, that Cavieles' illegal presence in the United States was voluntary, is stated in the indictment from the strong inference arising from the allegations concerning his previous deportation and removal from the United States.  See id. at 239.  The indictment was statutorily sufficient.  See id.

AFFIRMED.