IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60908
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RICARDO WHITE; NATHANIEL THERIS,

                                        Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:00-CR-14-2-BrS
--------------------
September 13, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Ricardo White and Nathaniel Theris appeal their convictions
and sentences for assault with a deadly weapon, steel-toed boots,
committed within the maritime and territorial jurisdiction of the
United States.  We AFFIRM.

    White seeks leave to file a pro se reply brief.  Appointed
counsel for White moves for this court to permit White, pro se,
an extension of seven days from the deadline for filing a timely
reply brief.  Although White also asks for the dismissal of
appointed counsel, White's desire to proceed pro se arises from

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his intention to file a pro se reply brief.  Thus, White's intent to proceed pro se is not unequivocal.  White is not entitled to hybrid representation.  United States v. Ogbonna, 184 F.3d 447, 449 n.1 (5th Cir.), cert. denied, 528 U.S. 1055 (1999).  "By accepting the assistance of counsel the criminal appellant waives his right to present pro se briefs on direct appeal."  Myers v. Johnson, 76 F.3d 1330, 1335 (5th Cir. 1996).  IT IS ORDERED that the motions are DENIED.

White argues that the indictment is fatally defective because it failed to allege the acts by White which constituted assault with the steel-toed boots.  White raised the issue at sentencing.  "Because the sufficiency of an indictment is jurisdictional, a defendant may, at any time, contest an indictment for failing to charge an offense."  United States v. Guzman-Ocampo, 236 F.3d 233, 236 (5th Cir. 2000), cert. denied, 121 S. Ct. 2600 (2001).

"To pass constitutional muster, an indictment must allege all of the elements of the offense charged."  United States v. Ramirez, 233 F.3d 318, 323 (5th Cir. 2000).  The indictment charged a violation of 18 U.S.C. § 113(a)(3).  The elements of 18 U.S.C. § 113(a)(3) are (1) assault, as defined under common-law tort and criminal law; "(2) with a dangerous weapon[,] (3) with the intent to do bodily harm."  United States v. Estrada-Fernandez, 150 F.3d 491, 494 (5th Cir. 1998).  It does not require physical contact by the assailant.  Id. at 495.  The indictment alleged the elements of the offense, and the absence of an allegation concerning White kicking or attempting to kick

the victim did not render the indictment fatally defective. See Ramirez, 233 F.3d at 323.

Theris challenges the sufficiency of the evidence. He argues that his conviction cannot stand because there is no evidence indicating he intended to cause the victim's injuries, he used a dangerous weapon, or he acted in concert with White. Although Theris moved for judgment of acquittal after the Government presented its case-in-chief, he did not renew his motion. Consequently, the failure to renew the FED. R. CRIM. P. 29 motion waives any objection to the court's denial of the motion to acquit. United States v. Shannon, 21 F.3d 77, 83 (5th Cir. 1994). Thus, our review is limited to determining whether a manifest miscarriage of justice ensues from Theris' conviction. Id.

The indictment charged Theris and White with assault with a deadly weapon, 18 U.S.C. § 113(a)(3), and referenced the aiding and abetting statute, 18 U.S.C. § 2. The jury was instructed on aiding and abetting liability. "To prove aiding and abetting, the Government had to show that [Theris] (1) associated himself with the criminal enterprise, (2) participated in the venture, and (3) sought by his actions to make the venture succeed." United States v. Polk, 118 F.3d 286, 295 (5th Cir. 1997). The evidence, especially the testimony of the victim and of the correctional officer who encountered Theris and White hitting the victim, reveals that the record is not devoid of evidence pointing toward Theris' guilt as an aider and abettor. See United States v. Ruiz, 860 F.2d 615, 618 (5th Cir. 1988).

Both Theris and White challenge the district court's admission into evidence of Government exhibits (Gov't exhs) 17 and 18, injury-assessment reports made by Physician Assistant Lopez. They contend that the evidence should have been excluded pursuant to a physician-patient privilege.** Theris' failure to assert a timely objection to Gov't exh. 17 constitutes waiver. See Nguyen v. Excel Corp., 197 F.3d 200, 206-07 (5th Cir. 1999). Even if objection had been timely, the district court did not abuse its discretion in admitting the exhibits because no recognized privilege covers this evidence.

"Rule 501 of the Federal Rules of Evidence authorizes federal courts to define new privileges by interpreting 'common law principles . . . in the light of reason and experience.'" Jaffee v. Redmond, 518 U.S. 1, 8 (1996) (quoting the rule). In Jaffee, 518 U.S. at 15, the Supreme Court held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501." In explaining the need for this privilege, the Court contrasted it with "[t]reatment by a physician for physical ailments," thus implicitly rejecting a privilege involving other healthcare providers. Id. at 10. A physician-patient privilege did not exist at common law. See United States v. Mancuso, 444 F.2d 691, 695 (5th Cir. 1971). Under federal common law, the privilege

---

** White states but does not argue that admission of Gov't exh. 18 violated the rule of Miranda v. Arizona, 384 U.S. 436 (1966). Thus, we deem the constitutional issue abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

does not exist, except as a privilege between a licensed psychotherapist and patient involving confidential communication. See Jaffee, 518 U.S. at 15; United States v. Burzynski Cancer Research Inst., 819 F.2d 1301, 1311 (5th Cir. 1987).

White and Theris challenge their sentences by arguing that the district court impermissibly double counted by enhancing their respective offense levels by four pursuant to U.S.S.G. § 2A2.2(b)(2)(B).  Neither defendant raised this issue before the district court.  Consequently, our review is limited to plain error.  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).  In United States v. Morris, 131 F.3d 1136, 1139-40 (5th Cir. 1997), this court held that double counting under the guidelines is impermissible "only if the particular guidelines at issue forbid it," and U.S.S.G. § 2A2.2 does not. Thus, no plain error ensued in this case.  See Calverley, 37 F.3d at 162-63.

AFFIRMED.  MOTIONS DENIED.