IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40394
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO ALBERTO HERNANDEZ-HERNANDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-99-CR-648-1
--------------------
December 12, 2001
Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:*

Represented by the Federal Public Defender, Mario Alberto Hernandez-Hernandez (Hernandez) appeals from resentencing following remand from this court. See United States v. Hernandez-Hernandez, No. 99-41432 (5th Cir. Nov. 10, 2000) (unpublished).

Hernandez contends, as he did at resentencing, that his aggravated-felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment.

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hernandez concedes that his argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998).  He nevertheless seeks to preserve the issue for Supreme Court review in light of the decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  The Government argues that because <u>Apprendi</u> was issued during the pendency of Hernandez's initial appeal and because Hernandez failed to raise the issue at that time, Hernandez waived the issue.  We need not decide the matter because, as the parties agree, <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>.  <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>see also</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000) (noting that the Supreme Court in <u>Apprendi</u> expressly declined to overrule <u>Almendarez-Torres</u>), <u>cert. denied</u>, 121 S. Ct. 1214 (2001).

Hernandez also argues that the indictment is fundamentally defective because it fails to allege a general intent element and, therefore, the indictment fails to charge Hernandez with an 8 U.S.C. § 1326 offense.  "[T]he sufficiency of an indictment is a jurisdictional matter and may be raised for the first time on appeal."  <u>United States v. Ramirez</u>, 233 F.3d 318, 322 (5th Cir. 2000).  Hernandez concedes that his argument is foreclosed by <u>United States v. Berrios-Centeno</u>, 250 F.3d 294, 299-300 (5th Cir.), <u>cert. denied</u>, 122 S. Ct. 288 (2001).  We are bound by our precedent.  <u>See</u> <u>United States v. Short</u>, 181 F.3d 620, 624 (5th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1091 (2000).  Accordingly, the district court's judgment is AFFIRMED.