IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 5, 2008

Charles R. Fulbruge III
Clerk

No. 07-50827

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CYNTHIA C. HAZLEWOOD,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before JONES, Chief Judge, and BARKSDALE and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Defendant-Appellant Cythnia C. Hazlewood appeals her conviction for assault. She argues that the magistrate judge who presided over her case lacked jurisdiction because the bill of information charged an offense under 18 U.S.C. § 111 that could have been either a misdemeanor or a felony offense. We disagree, and accordingly AFFIRM.

FACTUAL AND PROCEDURAL BACKGROUND

On August 15, 2005, Hazlewood and her husband traveled together to the Eisenhower Bank located at Fort Sam Houston, which is within the territorial jurisdiction of the United States. Hazlewood sought police assistance upon entering the bank, claiming that her husband had been driving recklessly and

that he had locked her inside the vehicle. Officer Kelly Mann, a federal police officer at Fort Sam Houston, responded to the call. Hazlewood approached Mann upon his arrival in the bank lobby and began complaining about her husband's behavior and using profanity. Mann directed Hazlewood to go outside and retrieve her identification. Subsequently, Sergeant Gary Moore, Mann's supervisor, arrived and the two officers conferred inside the bank. A few minutes later, the officers exited the bank and Mann approached Hazlewood, who was now seated in her pickup truck. Hazlewood aggressively recounted her experiences with her husband to Mann, and at one point she stood up and started flailing her arms. Mann instructed her to calm down or else she would be arrested. Hazlewood's aggressive behavior continued, and Mann proceeded to inform her that she was under arrest. Hazlewood resisted and Mann needed the assistance of Moore in order to subdue her and place her in the patrol car. During the arrest, Hazlewood injured Officer Mann's thumb by scratching and bending it.

The bill of information charged Hazlewood with two counts. The first count stated that she ". . . did forcibly resist and assault Kelly J. Mann . . . in violation of Title 18, United States Code, Section 111." The second count charged her with disorderly conduct in violation of 18 U.S.C. § 13. With Hazlewood's consent, a jury trial was held on March 20, 2006 before a United States magistrate judge. The magistrate judge treated count one of the information as a charge of simple assault. The jury convicted Hazlewood on both counts. The magistrate judge then sentenced Hazlewood to one year of probation for the assault conviction, with the first four months to be served in home confinement. For the disorderly conduct conviction, she was ordered to pay a fine of $250.

Hazlewood then appealed to the district court, where that court reversed her disorderly conduct conviction but affirmed her assault conviction, holding

that the crime charged in count one was a misdemeanor over which the magistrate judge properly exercised jurisdiction. She timely filed her notice of appeal before this Court.

## DISCUSSION

We review de novo the legal question of subject matter jurisdiction. Meredith v. La. Fed'n of Teachers, 209 F.3d 398, 402 (5th Cir. 2000). Federal courts are courts of limited jurisdiction "hav[ing] only the authority endowed by the Constitution and that conferred by Congress." Save the Bay, Inc. v. U.S. Army, 639 F.2d 1100, 1102 (5th Cir. 1981). In the Federal Magistrates Act, 28 U.S.C. § 636, Congress conferred jurisdiction to federal magistrate-judge courts to try and sentence a person accused of and convicted of a misdemeanor committed within that judicial district when the defendant expressly consents and when specially designated to exercise such jurisdiction by the district court. 18 U.S.C. § 3401(a)-(b); 28 U.S.C. § 636(a)(3), (5). A misdemeanor is any offense for which the maximum term of imprisonment authorized is one year or less. 18 U.S.C. § 3559(a)(6)-(8). There is no provision giving a magistrate judge jurisdiction to try a person accused of a felony offense. See Gomez v. United States, 490 U.S. 858, 872 (1989). Further, it is well established in this circuit that parties cannot confer jurisdiction on a court by agreement. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001) ("It is true that subject-matter jurisdiction cannot be created by waiver or consent.").

On appeal, Hazlewood argues that the magistrate judge did not have jurisdiction over count one, the assault charge. In support of her contention, she highlights that count one alleges forcible resistance and assault, and does not include the words "simple assault." Since, according to Hazlewood, the information does not, on its face, allege a misdemeanor charge, the magistrate judge lacked jurisdiction and her conviction must be vacated. We disagree.

Hazlewood was charged under 18 U.S.C. § 111, which provides, in relevant part:

> § 111. Assaulting, resisting, or impeding certain officers or employees
>
> (a) In general. Whoever –
> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; . . . shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.
>
> (b) Enhanced penalty. Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

"While the language of the statute seems to suggest that there are three different punishments for one crime, this circuit has interpreted 18 U.S.C. § 111 to create three separate offenses: '(1) simple assault; (2) more serious assaults but not involving a dangerous weapon; and (3) assault with a dangerous weapon.'" United States v. Ramirez, 233 F.3d 318, 321 (5th Cir. 2000), overruled on other grounds by, United States v. Longoria, 298 F.3d 367, 372 & n.6 (5th Cir. 2002) (citing United States v. Nuñez, 180 F.3d 227, 233 (5th Cir. 1999)); see also United States v. Williams, No, 07-30179, 2008 WL 615503 at *4 (5th Cir. March 7, 2008).

In Ramirez, this Court provided definitions for the three forms of assault under § 111. 233 F.3d at 321 (citing United States v. Chestaro, 197 F.3d 600, 606 (2d Cir. 1999)). First, simple assault was given its common law meaning, and

therefore defined as "'an attempted battery' or the 'placing of another in reasonable apprehension of a battery.'" Ramirez, 233 F.3d at 321-22; see also United States v. Vallery, 437 F.3d 626, 631 (7th Cir. 2006) (explaining that simple assault is "a crime committed by either a willful attempt to inflict injury upon the person of another, or by a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm." (internal quotation marks and citations omitted)). The second category, more serious assaults not involving a dangerous weapon, include those assaults which do involve physical contact but do not result in bodily injury or involve a deadly weapon. Ramirez, 233 F.3d at 322. Finally, the third type of § 111 assault includes those that involve either the use of a deadly weapon or the infliction of bodily injury. Id. at 321; 18 U.S.C. § 111(b). The latter two offenses are felonies, as the statute stipulates that their maximum penalties exceed one year of imprisonment.

Having examined Hazlewood's bill of information, we conclude that count one alleges simple assault. The count states that Hazlewood "forcibly resist[ed] and assault[ed]" Mann; nowhere does it allege or describe any physical contact. Since § 111 provides that a person convicted of simple assault faces the maximum penalty of a fine and/or imprisonment not more than one year, count one is a misdemeanor charge over which the magistrate judge properly exercised jurisdiction. As the district court recognized, the use of the word "forcibly" in Hazlewood's information does not connote that physical contact occurred during the alleged assault; the term "forcibly" modifies all of the acts rendered unlawful by § 111(a)(1). See United States v. Arrington, 309 F.3d 40, 44 (D.C. Cir. 2002) ("a defendant does not violate [§ 111(a)] unless he forcibly assaults or forcibly resists or forcibly opposes . . ." (emphasis in original)); see also United States v. Schrader, 10 F.3d 1345, 1348 (8th Cir. 1993) ("Force is a necessary element of any § 111 violation.").

If we accepted Hazlewood's argument we would effectively be adopting a per se rule that would require the inclusion of the phrase "simple assault" in charging instruments in order for counts to be classified as misdemeanor assaults under § 111(a). We decline to do so; instead we join the Seventh and Tenth Circuits, which have both recently held that indictments only charge misdemeanor assaults under § 111(a) when they do not describe any physical contact. Vallery, 437 F.3d at 633-34 (explaining that because the indictment did not allege physical contact the defendant could only be charged with simple assault); United States v. Hathaway, 318 F.3d 1001, 1010 (10th Cir. 2003) (observing that because the indictment failed to allege any physical contact, the defendant was not put "on fair notice that he needed to defend against [a] felony charge.").

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.