**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 3, 2009

Charles R. Fulbruge III
Clerk

No. 07-51286
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN JOSE CARRANZA-MALDONADO,
Also Known as Juan Maldonado-Acuna,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 3:06-CR-1181-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Carranza-Maldonado appeals his conviction of and sentence for as-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

saulting a federal officer in violation of 18 U.S.C. § 111(a)(1). He argues that his indictment failed to allege the felony offense of assault of a federal officer, because it did not include an allegation that the offense involved physical contact. Carranza-Maldonado asserts that his indictment charged only the misdemeanor offense of assault of a federal officer. Because Carranza-Maldonado was sentenced as if he had pleaded guilty of the felony offense of assault of a federal officer, he contends that the district court plainly erred in determining that a sufficient factual basis existed to support his plea.

The government has not invoked the waiver-of-appeal provisions in the plea agreement. *See United States v. Acquaye*, 452 F.3d 380, 381-82 (5th Cir. 2006). Nevertheless, Carranza-Maldonado is precluded from challenging the sufficiency of his indictment, because he entered an unconditional guilty plea and waived all non-jurisdictional defects leading to his conviction. *See United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002). A defective indictment does not deprive this court of jurisdiction. *United States v. Cotton*, 535 U.S. 625, 630-31 (2002).

The entry of an unconditional guilty plea does not preclude us from reviewing whether the factual basis of Carranza-Maldonado's plea establishes the elements of the offense of which he pleaded guilty. *United States v. Hildenbrand*, 527 F.3d 466, 474 (5th Cir.), *cert. denied*, 129 S. Ct. 437 (2008). A review of the stipulated facts underlying the guilty plea establishes the existence of physical contact sufficient to support the plea of guilty of a felony "all other cases" assault under § 111(a)(1). *United States v. Hazlewood*, 526 F.3d 862, 865 (5th Cir. 2008); *Hildenbrand*, 527 F.3d at 474; *United States v. Ramirez*, 233 F.3d 318, 321-22 (5th Cir. 2000), *overruled on other grounds*, *United States v. Longoria*, 298 F.3d 367, 372 & n.6 (5th Cir. 2002) (en banc). Carranza-Maldonado's challenge to the sufficiency of the factual basis fails.

AFFIRMED.