**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 2, 2011

Lyle W. Cayce
Clerk

No. 09-50251

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

VICTOR MANUEL MENDOZA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-754-1

Before BARKSDALE, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM.[*]

Victor Manuel Mendoza appeals the district court's denial of his motion pursuant to Federal Rule of Criminal Procedure 35(a) to reduce or correct his seventy-month sentence for conspiracy to distribute cocaine. Because the district court did not act within the time period specified in Rule 35(a), it was without

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

No. 09-50251

jurisdiction to rule on Mendoza's motion. We VACATE the portion of the district court's order denying Mendoza's Rule 35(a) motion and DISMISS his appeal as MOOT.

## I. BACKGROUND

Pursuant to a written plea agreement, Mendoza pled guilty to conspiring to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846. The plea agreement included an appeal waiver, in which Mendoza "voluntarily and knowingly waive[d] the right to contest the sentence in any post-conviction proceeding, including but not limited to, a proceeding pursuant to 28 U.S.C. § 2255; provided, however, . . . the Defendant does not waive the right to challenge the sentence to the extent that it is the result of a violation of the Defendant's constitutional rights based on a claim of ineffective assistance of counsel." In exchange for his guilty plea, the government moved to dismiss the second count of the indictment and made several sentencing concessions, including stipulating that an upward adjustment for an aggravating role in the conspiracy would be inappropriate. On February 12, 2009, the district court sentenced Mendoza to seventy months' imprisonment.[1]

Dissatisfied with both his sentence and his prior counsel's representation, Mendoza retained new counsel. On February 24, 2009, he filed a notice of appeal[2] and contemporaneously filed a motion to correct or reduce his sentence pursuant to Rule 35(a), or, alternatively, to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The basis for both motions was that Mendoza's

---

[1] The district court did not enter judgment until February 18. The imposition of sentence for purposes of Rule 35 "means the date of oral pronouncement." *United States v. Gonzalez*, 163 F.3d 255, 264 (5th Cir. 1998); *see also* FED. R. CRIM. P. 35(c) ("As used in this rule, 'sentencing' means the oral announcement of sentence.").

[2] That appeal, docketed in this court as No. 09-50158, was later dismissed.

2

No. 09-50251

prior counsel did not present arguments during sentencing as to 1) Mendoza's possible entitlement to a sentencing guidelines offense level reduction due to his allegedly minor or minimal role in the conspiracy and 2) whether the amount of cocaine attributed to Mendoza under § 2D1.1 of the sentencing guidelines was a product of sentencing entrapment. On March 3, 2009, the district court dismissed Mendoza's § 2255 motion without prejudice as premature and denied his Rule 35 motion, finding that Rule 35 did not permit the relief Mendoza sought because Mendoza's sentence was not the result of clear error. Mendoza timely appealed as to the denial of the Rule 35 motion only.

## II. ANALYSIS

### A.   The Appeal Waiver

The government contends that the appeal waiver contained in Mendoza's plea agreement bars our review of this appeal. Although the waiver in Mendoza's plea agreement applies, broadly it seems, to his "right to contest the sentence in any post-conviction proceeding," at least one of our sister circuits has held that "[i]t is unclear whether the Government intended that the waiver language [contained in Mendoza's plea agreement] apply to . . . the right to file a motion in the district court for a correction of sentence pursuant to Rule 35." *United States v. Speelman*, 431 F.3d 1226, 1230 (9th Cir. 2005). Adding to the uncertainty of the application of the waiver, we have previously noted that "[a]n appeal from a ruling on a Rule 35 motion is considered part of the *original* criminal proceeding." *United States v. De Los Reyes*, 842 F.2d 755, 757 (5th Cir. 1988) (emphasis added). Because we conclude that this appeal is moot, we decline to address whether an appeal waiver encompassing any post-conviction proceeding applies to a motion for a correction of sentence pursuant to Rule 35.

### B.   Rule 35(a)

1.   Standard of Review

3

No. 09-50251

A district court's authority to resentence a defendant pursuant to Rule 35(a) is a question of law that we review de novo. *See United States v. Ross*, 557 F.3d 237, 239 (5th Cir. 2009).

2.     Discussion

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010) (quoting 18 U.S.C. § 3582(c)). "[A] district court's authority to correct or modify a sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582([c])." *United States v. Bridges,* 116 F.3d 1110, 1112 (5th Cir. 1997). The only statutory predicate potentially applicable to this case is 18 U.S.C. § 3582(c)(1)(B), which authorizes a sentencing court to modify a sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. The version of Rule 35(a) in effect at the time of Mendoza's sentencing provided that, "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a).[3] The seven-day limit "constitutes a jurisdictional restraint on the district court's power to alter a sentence."[4] *See United States v. Lopez,* 26 F.3d 512, 519 n.8 (5th Cir. 1994); *see also* 3 WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 613 (4th ed. 2011) ("[W]hether it acts on its own or on the suggestion or motion of a party, the court may only act within [seven] days after the oral announcement of sentence.").

Mendoza concedes that *Lopez* forecloses his argument, but argues that we

---

[3] In 2009 the rule was amended to provide for a 14-day time limit. FED. R. CRIM. P. 35(a) (2009). Because the amendment became effective December 1, 2009, it does not apply to this case.

[4] We are not alone in this conclusion. "The courts of appeals have uniformly held that Rule 35(a)'s seven-day time limit is jurisdictional." *United States v. Griffin*, 524 F.3d 71, 83 (1st Cir. 2008) (collecting cases).

No. 09-50251

should revisit *Lopez* in light of *United States v. Booker*, 543 U.S. 220 (2005), and its progeny. He suggests that the seven-day jurisdictional limit "should be construed in the post-mandatory guideline sentencing era to permit a correction of an illegal or erroneous sentence more than seven days after the sentence was pronounced *so long as* the defendant filed the motion within seven days of the pronouncement of sentence." (Blue Br. 23 (emphasis in original).) We reject this contention. "Federal courts are courts of limited jurisdiction having only the authority endowed by the Constitution and that conferred by Congress." *United States v. Hazlewood*, 526 F.3d 862, 864 (5th Cir. 2008) (quotation omitted). We are not "vested with open-ended lawmaking powers." *Nw. Airlines, Inc. v. Transp. Workers Union*, 451 U.S. 77, 95 (1981). The text of Rule 35(a) in effect at the time plainly commands the court to act within seven days, and "thus after seven days the motion is effectively denied and any doubt concerning the finality of the sentence is ended." *United States v. Austin*, 217 F.3d 595, 598 (8th Cir. 2000).

Even if Mendoza's arguments were compelling, which, as explained above, they are not, we are bound by *Lopez*'s precedent as "[i]t is a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court, a panel cannot overrule a prior panel's decision." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). The Supreme Court's decisions in *Booker* and its progeny do not contradict our holding in *Lopez*. While *Booker* and its progeny fundamentally changed the manner in which sentences are calculated by district courts and reviewed by courts of appeal, they do not undermine or even affect the reasoning underlying our treatment of Rule 35's time limits as jurisdictional.[5]

---

[5] Rule 35's time limits are strict so that "the appellate process (if a timely appeal is taken) may proceed without delay and without jurisdictional confusion." FED. R. CRIM. P. 35 Advisory Committee's Notes (1991 amendment). "The Committee believed that the time for

5

No. 09-50251

The district court sentenced Mendoza on February 12, 2009, so under the computation of time provision found in Federal Rule of Criminal Procedure 45 in effect at that time, the district court had until February 24, 2009, to correct or reduce Mendoza's sentence under Rule 35(a), irrespective of when, or whether, Mendoza filed a motion requesting the court to do so. Because the district court failed to rule on Mendoza's Rule 35(a) motion within the aforementioned time period, the motion was effectively denied and the district court lost its authority to correct or reduce the sentence under Rule 35(a). Even upon remand the district court could not provide the relief sought by Mendoza, and this appeal is moot. *See, e.g.*, *First Ind. Fed. Sav. Bank v. F.D.I.C.*, 964 F.2d 503, 507 (5th Cir. 1992) (holding that an issue was moot where there was no meaningful relief available that would redress the alleged harm).

### III. CONCLUSION

For the foregoing reasons, the portion of the district court's March 3 order purporting to deny Mendoza's Rule 35 motion is VACATED as issued without jurisdiction[6] and we DISMISS Mendoza's appeal as MOOT.

---

correcting such errors should be narrowed within the time for appealing the sentence to reduce the likelihood of jurisdictional questions in the event of an appeal and to provide the parties with an opportunity to address the [district] court's correction of the sentence, or lack thereof, in any appeal of the sentence." *Id.*

[6] In *United States v. Carmouche*, this court held that a filing of a motion under the former Rule 35(c) prevented the running of the time for filing an appeal under Federal Rule of Appellate Procedure 4(b) until the district court disposed of the motion. 138 F.3d 1014, 1016 (5th Cir. 1998). That case was decided before a 2002 amendment to Rule 4(b), which states, "[t]he filing of a motion under Federal Rule of Criminal Procedure 35(a) does not suspend the time for filing a notice of appeal from a judgment of conviction." FED. R. CRIM. P. 4(b)(5). "The 2002 amendment to FED. R. APP. P. 4(b) bolsters our conclusion that FED. R. APP. P. 35(a) provides only a seven-day period in which a court could correct a sentence. . . By providing that a motion to correct a sentence does not lengthen the time for a defendant to appeal, Rule 4 ensures that a defendant will always have time to file a notice of appeal after the seven days for correcting sentence have elapsed but before the ten days for filing a notice of appeal have run." *United States v. Green*, 405 F.3d 1180, 1188 (10th Cir. 2005).