# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40400
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NORMA YOBANY PADILLA-MORADEL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CR-728-1

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Norma Yobany Padilla-Moradel appeals his conviction, following a jury trial, for felony assault of a federal officer under 18 U.S.C. § 111. Padilla-Moradel argues that the evidence was not sufficient to support his conviction because it did not show that he intentionally and, with physical contact, forcibly assaulted Customs and Border Patrol (CBP) Agent Alexander Howell.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40400

Section 111 punishes whoever "forcibly assaults . . ., impedes, intimidates, or interferes" (2) with a federal officer, (3) while engaged in the performance of official duties. *United States v. Moore*, 958 F.2d 646, 649 (5th Cir. 1992); § 111(a). This circuit has interpreted § 111 as containing three separate offenses: (1) simple assault, a misdemeanor offense that requires no physical contact, (2) felony assault that involves physical contact but does not involve the use of dangerous weapons, and (3) felony assault that involves the use of a dangerous weapon or results in bodily injury. *See United States v. Hazlewood*, 526 F.3d 862, 865 (5th Cir. 2008). A felony assault that involves physical contact "includes the forcible performance of any of the [] proscribed actions in § 111(a) . . . *plus* the intent to commit a felony or resulting physical contact." *United States v. Williams*, 602 F.3d 313, 315 (5th Cir. 2010).

Viewing the evidence in the light most favorable to the verdict, the evidence was sufficient to establish that Padilla-Moradel forcibly – and with physical contact – assaulted, impeded, intimidated, or interfered with Agent Howell as Agent Howell attempted to take Padilla-Moradel into custody. Agent Howell and his partner testified that Padilla-Moradel was struggling, "throwing his shoulder and elbows," "swinging his arms wildly . . . going like towards Howell's face" and refusing to give up his hands during their attempts to subdue him. Agent Howell testified that as a result of the altercation he received a bloody lip and scratches on his arms and hands. Padilla-Moradel also admitted, in an interview following the incident, that he struggled with Agent Howell because he did not want to return to his country. Given such testimony, a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt. *See United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014).

Accordingly, the district court's judgment is AFFIRMED.