# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40480

United States Court of Appeals
Fifth Circuit

**FILED**
March 17, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LUIS HERNANDEZ-HERNANDEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before JONES and SMITH, Circuit Judges, and BOYLE,* District Judge.

JANE J. BOYLE, District Judge:

Luis Hernandez-Hernandez appeals his 16-level "crime of violence" enhancement under § 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines based upon a prior conviction for assaulting a federal officer and inflicting bodily injury, in violation of 18 U.S.C. § 111 (a)(1) and (b).[1] In his sole issue on appeal,

---

* District Judge of the Northern District of Texas, sitting by designation.

[1] The forcible acts described in subpart (a)(1) of § 111—"forcibly assaults, resists, opposes, impedes, intimidates, or interferes"—are necessary elements of all § 111 offenses, hence the reference to subpart (a)(1). For clarity, our analysis centers on § 111(b) and whether that particular subpart constitutes a crime of violence. Thus, we primarily reference § 111(b) in this analysis.

No. 15-40480

Hernandez argues that his § 111 conviction did not constitute a crime of violence under § 2L1.2(b)(1)(A)(ii) because it is neither one of § 2L1.2(b)(1)(A)(ii)'s enumerated offenses nor does it require "as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, cmt. n. 1 (B)(iii). Whether Hernandez's crime of conviction under § 111(a)(1) and (b) for assaulting a federal officer and inflicting bodily injury constitutes a crime of violence under § 2L1.2(b)(1)(A)(ii) is a question of first impression for this Court. Finding that Hernandez's conviction under § 111(a)(1) and (b) necessarily required proof that he used, attempted to use, or threatened to use physical force against the person of another, we AFFIRM the judgment of the district court.

## I.

Hernandez pleaded guilty to illegal reentry following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b). At the time of his plea, he had two prior convictions under 18 U.S.C. § 111 for assaulting a federal officer, one in 2002, the other in 2005. Both were referenced in the PSR and relied upon by the district court in assessing the 16-level enhancement. The 2002 offense was under § 111(a), which covers misdemeanors and less serious felony conduct. The 2005 conviction was under § 111(a)(1) and (b), the more serious felony provision of the statute which includes the element of the infliction of bodily injury or the use of a deadly or dangerous weapon and carries up to 20 years in prison. The parties have focused their arguments regarding the 16-level enhancement on the 2005 felony offense under § 111 (b). The Court will do likewise. The dispute boils down to whether Hernandez's conviction qualifies as a crime of violence under § 2L1.2(b)(1)(A)(ii)'s use of force provision. That question requires us to determine whether Hernandez's conviction under § 111(a) and (b) necessarily requires proof of "the use, attempted use, or threatened use of physical force against the person of

2

No. 15-40480

another" as required for an enhancement under § 2L1.2(b)(1)(A)(ii). U.S.S.G. § 2L1.2, cmt. n. 1 (B)(iii).

## II.

In deciding whether Hernandez's conviction under § 111 constitutes a crime of violence, we look to the specific Guidelines provision from which the 16-level enhancement derives—§ 2L1.2(b)(1)(A)(ii). That provision calls for a 16-level increase to the base offense level for illegal reentry if the defendant was previously convicted for a crime of violence and the prior conviction receives criminal history points. *United States v. Ceron*, 775 F.3d 222, 227 (5th Cir. 2014) (citing U.S.S.G. § 2L1.2(b)(1)(A)(ii)). To qualify for the enhancement under § 2L1.2(b)(1)(A)(ii), the crime of conviction must fall within one of two discrete categories of offenses. The first is a list of enumerated offenses, none of which apply here. The other, applicable to Hernandez's conviction, is a "catch-all" provision,[2] which defines a crime of violence as an "offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." *Ceron*, 775 F.3d at 227 (citing U.S.S.G. § 2L1.2, cmt. n. 1 (B)(iii)).

To trigger the 16-level enhancement under the catch-all definition, "the intentional use of force must be a constituent part of a claim that must be proved for the claim to succeed." *United States v. Calderon-Pena*, 383 F.3d 254, 260 (5th Cir. 2004) (en banc) (quoting *United States v. Vargas-Duran*, 356 F.3d 589, 605 (5th Cir. 2004) (en banc)).[3] "If *any* set of facts would support a conviction without proof of [the intentional use of force], then the [intentional

---

[2] We alternatively refer to this provision as the "catch-all" or "use of force" provision.

[3] The definition of "crime of violence" has been rearranged in § 2L1.2 of the Guidelines since *Calderon-Pena* and *Vargas-Duran* were decided. In any event, the language of the catch-all provision in the 2014 version of the Guidelines, at issue in this case, is identical to that examined in *Calderon-Pena* and *Vargas-Duran*. *See Calderon-Pena*, 383 F.3d at 256, n.2; U.S.S.G.§ 2L1.2, cmt. n. 1 (B)(iii).

use of force] most decidedly is not an element—implicit or explicit—of the crime." *Calderon-Pena*, 383 F.3d at 260 (quoting *Vargas-Duran*, 356 F.3d at 605) (emphasis added).    In other words, if the crime upon which the enhancement is based can be proven without evidence that the defendant intentionally used force against the person of another, then the offense does not qualify as a crime of violence under § 2L1.2(b)(1)(A)(ii). *United States v. Velasco*, 465 F.3d 633, 638 (5th Cir. 2006).

So our task here is to determine whether Hernandez's conviction under § 111 (b) "*necessarily* require[d] a finding that [Hernandez] used, attempted to use, or threatened to use physical force against the person of another." *Ceron*, 775 F.3d at 227 (emphasis added) (quoting *United States v. Herrera-Alvarez,* 753 F.3d 132, 134 (5th Cir. 2014)).   In making this determination, we utilize the categorical approach, first announced in *Taylor v. United States*, 495 U.S. 575, 602 (1990), which centers our inquiry on "the elements of the statute of conviction" not on the defendant's actual conduct in committing the crime. *Ceron*, 775 F.3d at 227 (quoting *United States v. Rodriguez*, 711 F.3d 541, 549 (5th Cir. 2013) (en banc)).   If "we determine that the statute of conviction as a whole does not categorically qualify as a crime of violence, but the statute is divisible, then we apply a variant of the categorical approach—the 'modified categorical approach.'" *Herrera-Alvarez,* 753 F.3d at 138 (quoting *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013)).

A statute is divisible when it "sets forth multiple separate offenses or sets forth one or more elements of an offense in the alternative," not all of which may qualify as a crime of violence.  *Id.* at 134.  Once a statute is deemed divisible, the task for the court—under the modified categorical approach—is to determine "which [of the statute's alternative bases for committing the crime] formed the basis of the defendant's conviction." *Descamps*, 133 S. Ct. at 2284 (citation omitted). This entails looking beyond the statute to certain

No. 15-40480

"extra-statutory" records to isolate the actual elements underlying the defendant's conviction and then assessing—from the narrowed elements— whether the defendant's crime constitutes a crime of violence under the applicable enhancement provision.  Here we examine § 2L1.2's use of force provision. The permissible "extra-statutory" records, known as documents, include the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."  *Ceron,* 775 F.3d at 227 (quoting *United States v. Elizondo-Hernandez,* 755 F.3d 779, 781 (5th Cir. 2014)).  Once the elements comprising the underlying conviction have been identified, the court applies the categorical approach to the crime of conviction to ascertain whether that offense necessarily "has as an element the use, attempted use, or threatened use of physical force against the person of another."  *Herrera-Alvarez,* 753 F.3d at 137.

### III.

We conduct a *de novo* review of a district court's determination that a conviction constitutes a crime of violence. *United States v. Flores-Gallo,* 625 F.3d 819, 821 (5th Cir. 2010). "Guideline commentary is given controlling weight if it is not plainly erroneous or inconsistent with the guidelines."  *Id.* (quoting *United States v. Velasco,* 465 F.3d 633, 637 (5th Cir. 2006)).

The parties do not dispute that § 111 as a whole criminalizes "a broader swath of conduct" than the conduct covered by § 2L1.2(b)(1)(A)(ii)'s use of force provision. *Descamps,* 133 S. Ct. at 2281.  But the parties agree, and our cases confirm, that § 111 is divisible.  *See United States v. Ramirez,* 233 F.3d 318, 321 (5th Cir. 2000), *overruled on other grounds by United States v. Cotton,* 535 U.S. 625, 629–31 (2000).  Our precedent establishes that § 111

---

[4] *Shepard v. United States,* 544 U.S. 13, 26 (2005).

encompasses "three separate offenses" including: "(1) simple assault; (2) more serious assaults but not involving a dangerous weapon; and (3) assault with a dangerous weapon." *Id.* (citation omitted). The first offense, simple assault under § 111(a), is a misdemeanor and does not require "any physical contact." *Id.* at 321–22. The second offense under § 111(a) is a felony punishable by up to 8 years in prison, and requires either physical contact or the "intent to commit another felony" when committing the acts proscribed in § 111(a) (*i.e.*, "forcibly assaulting, resisting, opposing, impeding, intimidating or interfering with any person . . . while engaged in or on account of the performance of official duties") but does *not* require a showing of bodily injury or use of a deadly weapon. 18 U.S.C. §111(a)(1); *United States v. Williams*, 602 F.3d 313, 317 (5th Cir. 2010) (*quoting United States v. Gagnon*, 553 F.3d 1021, 1026 (6th Cir. 2009)). The third offense, under § 111(b), is a felony carrying a maximum penalty of up to 20 years in prison, and requires proof of the use of a deadly weapon or the infliction of bodily injury "in the commission of any of the acts described in subsection (a)." 18 U.S.C. § 111(b).

The version of § in place at the time of Hernandez's 2005 conviction provided in pertinent part:

> § 111. Assaulting, resisting, or impeding certain officers or employees
>
> (a) In general.—Whoever—
>
>> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; …shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and in all other cases, be fined under this title or imprisoned not more than 8 years, or both.

---

[5] § 111 was amended in 2008. The changes to the statute, however, do not affect our analysis and therefore will not be addressed.

No. 15-40480

(b) Enhanced penalty.—Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111 (Nov. 2, 2002).

Because § 111 is a divisible statute, the modified categorical approach permits us to consult the *Shepard* documents to determine which of the alternative statutory phrases formed the basis for Hernandez's 2005 § 111 conviction. The available *Shepard* documents include the indictment, judgment, and plea agreement. The indictment charges that Hernandez "did knowingly and forcibly assault Kevin Estrada, a United States Bureau of Prisons Correctional Officer…while the officer was engaged in and on account of the performance of official duties, inflicting bodily injury upon the officer…in violation of Title 18 United States Code, Section 111(a)(1) and (b)." The written Plea Agreement and Statement of Facts Relevant to Sentencing reflects the following agreed factual basis for Hernandez's guilty plea:

> On June 9, 2003, defendant-inmate LUIS HERNANDEZ-HERNANDEZ was walking through a metal detector near the entrance of a housing unit within the United States Penitentiary - High Security in Florence, Colorado. Defendant was contacted by Senior Officer Specialist Kevin Estrada, who ordered defendant to submit to a "pat-down" search. Defendant became enraged and forcefully threw a portable -"Walkman-type"- radio at Officer Estrada. The radio struck Officer Estrada in the forehead, causing a cut in the skin.
>
> Officer Estrada attempted to restrain defendant; defendant became further enraged and engaged Officer Estrada in physical combat. Defendant bit the arm of Officer Estrada. With assistance from other corrections officers, Officer Estrada was able to restrain defendant and place him into handcuffs.

7

No. 15-40480

> The parties agree that the Government's evidence would establish that Officer Estrada received some bodily injury as a result of defendant's assault.

The judgment in the 2005 case reflects that Hernandez was convicted of "Assault on a Correctional Officer" in violation of § 111(a)(1) and (b) and was sentenced to 84 months in custody.

From the foregoing *Shepard* documents, it is a simple matter to deduce that Hernandez's conviction was under § 111(b), the more serious felony provision of the statute.[6]  First, the citation to § 111(a)(1) *and (b)* in the indictment and judgment indicates that subpart (b) was the operative statutory provision.[7]  Further, Hernandez's admission in the written plea papers that he "forcefully" "struck" and "bit" the corrections officer *and* that these actions caused "bodily injury" to the officer, demonstrate that his conviction fell under subpart (b) as opposed to (a).  In contrast to subpart (b), neither of the offenses described in subpart (a) of § 111—misdemeanor or felony—requires proof of both assaultive conduct *and* bodily injury for a conviction.  *Williams*, 602 F.3d at 317 (quoting *Gagnon*, 553 F.3d at 1027) (describing the misdemeanor provision of § 111(a) as requiring proof of a forcible act *without* the intent to cause physical contact and the felony portion of (a) requiring proof of a forcible act with the intent to commit a felony *or* resulting in physical contact).  Section 111(b), from the plain language of the

---

[6] As mentioned, the parties do not really dispute that Hernandez's 2005 § 111 conviction fell under subpart (b); rather, they contest the level of force required under subpart (b). In any event, because we must apply the categorical and modified categorical approaches to § 111, as a divisible statute, to discern "which [of the statute's alternative bases for committing the crime] formed the basis of [Hernandez's] conviction," *Descamps*, 133 S. Ct. at 2284, and then decide if the underlying elements required the type of force defined under § 2L1.2, we include the *Shepard* analysis set forth above.

[7] As addressed, the acts described in subpart (a)(1) of § 111—forcibly assaults, resists, opposes, impedes, intimidates, or interferes—are, by the very language of the statute, necessary elements of all § 111 offenses; *ergo*, a  citation to (a)(1) reveals less about the specific statutory provision at play than a citation to subpart (b).

statute, requires proof of *both* assaultive conduct *and* bodily injury to sustain a conviction.[8] *See United States v. Juvenile Female*, 566 F.3d 943, 946–47 (9th Cir. 2009) (agreeing with seven other circuits that § 111(b) describes an "assault involving a deadly or dangerous weapon or resulting in bodily injury") (collecting cases). Both assaultive conduct and bodily injury are charged in Hernandez's indictment. Finally, Hernandez's 84-month sentence reflected in the judgment accompanied by a citation to § 111(a)(1) *and (b)* further supports our conclusion that Hernandez's conviction was based on § 111(b).

Going a step further, drawing from the *Shepard* documents, we identify the elements underlying Hernandez's § 111(b) conviction. Those elements can be distilled to: (1) a knowing and forcible assault of a federal corrections officer that (2) involved physical contact and that (3) inflicted bodily injury.[9] The question then becomes whether Hernandez's conviction, narrowed to the foregoing elements, categorically constitutes a crime of violence under § 2L1.2(b)(1)(A)(ii). Stated another way, we must decide whether Hernandez's crime of conviction—as narrowed—necessarily requires a finding that he intentionally used, attempted to use, or threatened to use physical force against the person of another. U.S.S.G. § 2L1.2, cmt. n. 1 (B)(iii); *Herrera-Alvarez*, 753 F.3d 132, 140–41 (5th Cir. 2014). "Physical force" under § 2L1.2(b)(1)(A)(ii) requires a showing of "violent force—that is, force capable of causing physical pain or injury to another person." *Flores-Gallo*, 625 F.3d at 822–23 (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)).

---

[8] As set out in the statute, § 111(b) may also be violated by the "use of a deadly or dangerous weapon."

[9] Hernandez maintains in his briefing that only a "simple assault" was involved but fails to provide any support for this argument from the *Shepard* documents.

No. 15-40480

Here, because we are dealing with a federal statute, we look to federal law for guidance as to the requirements of § 111(b). Unfortunately, § 111 is not a model of clarity and does not specify the level of force required for a violation of § 111(b). Nor does the statute define "bodily injury" as that term is used in § 111(b). Such a definition, if contained in the statute, would likely shed some light on the amount of force required for a conviction under § 111(b) which, in turn, might reveal whether that level of force equals that required by § 2L1.2. For his part, Hernandez argues that the bodily injury element of § 111(b) can be proven without a showing of violent or destructive force and, therefore, that § 111(b) does not categorically qualify as a crime of violence. Hernandez specifically maintains that § 111(b) can be violated by "non-forceful acts" including "simple assault," "spitting," or "projecting bodily fluids" onto the person of another. But none of the cases he cites stand for this proposition or even address whether § 111(b) qualifies as a crime of violence under § 2L1.2's use of force provision. The government counters that the definition of "bodily injury" for § 111(b) can be drawn from the Fifth Circuit Pattern Jury

---

[10] Typically, the crime of violence at issue in our cases is a state offense so we look to the relevant state law for assistance in analyzing the "nature" of the crime of conviction to decide if it satisfies § 2L1.2's use of force requirements. *United States v. Martinez-Flores*, 720 F.3d 293, 297 (5th Cir. 2013) (quoting *United States v. Izaguirre-Flores*, 405 F.3d 270, 273 (5th Cir. 2005)). For example, in cases involving state assault crimes, we have looked to the definition of "bodily injury" under the statute of conviction to determine whether a violation of the statute necessarily required proof of § 2L1.2's use of force requirements. *Id.* at 297–98.

[11] Hernandez relies heavily on *United States v. Ramirez*, 233 F.3d 316, 321-22 (5th Cir. 2000) to support his argument. But *Ramirez* addressed the sufficiency of the evidence underlying a § 111(a) conviction, not whether § 111(b) constitutes a crime of violence. He also unpersuasively cites to *United States v. Gonzales-Chavez*, 432 F.3d 334, 338 n.6 (5th Cir. 2005), for support. That case involved a Florida aggravated battery statute where the record was unclear as to which part of the multipart statute the defendant was convicted under. Because at least one of the subparts could be violated by actions not involving a crime of violence, we remanded the case to the district court. *Id.* Neither *Ramirez* nor *Gonzales-Chavez* provides support for Hernandez's argument that § 111(b) does not constitute a crime of violence.

Instructions, which define bodily injury as "a painful and obvious injury or is of a type for which medical attention ordinarily would be sought." Fifth Circuit Pattern Jury Instruction (Criminal) § 2.07 (2015) ("FCPJI-C"). Under that definition, the government maintains, Hernandez's offense of conviction—as narrowed by the *Shepard* documents—necessarily requires a showing of force "capable of causing pain and injury" as required under § 2L1.2. This, the government argues, is because the elements underlying his conviction demonstrate that force that was not only capable of causing, but that "indeed did cause physical pain to another person," was an essential element of proof. In deciding this issue of first impression, we find that the government has the better argument.

First, as noted, § 111(b) is the most serious of the three separate offenses encompassed by the statute, carrying a term of imprisonment of up to 20 years. Section 111(b) is also the only subpart of the three that, by its plain terms, requires proof of forcible conduct as described in subpart (a) *and* proof that the forcible conduct resulted in the infliction of bodily injury. The fact that the bodily injury element is included in § 111(b) but not in (a) indicates that § 111(b) requires a greater baseline showing of force—enough to cause bodily injury—than that required under § 111(a). The bodily injury requirement in (b) further indicates that minimally forceful, albeit repugnant, conduct such as spitting or the projecting of bodily fluids—that Hernandez argues can underlie a § 111(b) violation—is instead covered by subpart (a). The *Ramirez* case, cited

---

[12] The government refers to the 2001 version of the Fifth Circuit Pattern Jury Instructions but that definition is identical to that contained in the 2015 version cited above.

[13] Section 111(b) also prohibits the use of a deadly or dangerous weapon in the commission of any acts under § 111(a). We have previously held in an unpublished opinion that the deadly weapon portion of § 111(b) constitutes a crime of violence under U.S.S.G. §§ 4B1.1 and 4B1.2. *United States v. Mitchell*, 253 F.3d 702 (5th Cir. 2001) (table), 2001 WL 498464 (Apr. 11, 2001) (per curiam) (unpublished).

above, involved just such a scenario where an inmate who flung a urine-feces mixture at a corrections officer was convicted under the felony provision of § 111(a). *Ramirez*, 233 F.3d at 322 (citing a collection of cases involving conduct such as "bumping an Assistant United States Attorney," "spitting in the face of a mail carrier," "grabbing a federal wildlife agent's jacket," and "poking [an] IRS agent in the chest," all of which were prosecuted under § 111(a)). The *Ramirez* court specifically noted the lack of allegations or proof of bodily injury in concluding that the case fell under the felony provision of subpart (a). *Id.* In sum, the foregoing factors compel the conclusion that a greater baseline level of force is required for convictions under subpart (b) than subpart (a), and that conduct such as spitting and projecting bodily fluids are covered by the latter and not the former.

Finally, we must determine whether the force required to violate § 111(b) necessarily requires a showing of the type of "violent force…capable of causing physical pain or injury to another person," and thus constitutes a crime of violence under § 2L1.2's use of force provision. *See Flores-Gallo*, 625 F. at 822–23 (quoting *Johnson,* 559 U.S. at 140). This is not a difficult task. Although the statute itself provides little guidance in this regard, resort to the Fifth Circuit Pattern Jury Instructions, as suggested by the government, provides significant assistance. As already discussed, "bodily injury" is defined under the FCPJI-C as "an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." Fifth Circuit Pattern Jury Instruction (Criminal) § 2.07 (2015). This "painful and obvious injury" element required for a conviction under § 111(b) readily meets § 2L1.2's use of force definition, which requires only force *capable* of causing physical pain or injury

---

[14] This definition is adopted from the definition of "bodily injury" contained in U.S.S.G. § 1B1.1, cmt. n. 1 (2012).

to another person and not actual bodily injury. Here, the *Shepard* documents identify that the elements underlying Hernandez's conviction included both assaultive conduct and the infliction of bodily injury by demonstrating that he "forcefully" "struck" and "bit" the corrections officer *and* that these actions caused the officer "bodily injury." In *Ceron*, 775 F.3d at 228–29, we considered whether a Florida aggravated battery statute, which had as elements "intentional touching" plus "great bodily harm," qualified as a crime of violence under § 2L1.2. We held that, while "touching another person is not, by itself, the 'use of force[,]'" and "causing 'bodily injury' could be committed in ways that do not necessarily involve the use of force," the two, taken together, necessarily require the use of force sufficient to qualify an offense as a crime of violence. *See id.* That same logic applies here, but even more so. Section 111(b), as addressed above, requires forcible, assaultive conduct that extends beyond mere touching which, as we discussed above, is covered by subpart (a). The added requirement under subpart (b) that the forcible, assaultive conduct result in bodily injury, defined by the FCPJI-C as painful and obvious injury, renders the conclusion that we reached in *Ceron,* that the defendant's crime of conviction was a crime of violence, a foregone conclusion.

Accordingly, because we find that Hernandez's crime of conviction under § 111(b) necessarily required a finding that he intentionally used, attempted to use, or threatened to use physical force against the person of another, U.S.S.G. § 2L1.2(b)(1)(A)(ii), we hold that  § 111(b) is categorically a crime of violence and **AFFIRM** the judgment of the district court.

---

[15] The FCPJI-C definition of bodily further supports our conclusion that conduct such as simple assault, spitting, or the projection of bodily fluids is not covered under § 111(b), given that these actions are not the type of conduct, standing alone, that could inflict "painful and obvious" bodily injury or injury that requires medical attention.