PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1013

_____

UNITED STATES OF AMERICA

v.

JULIOUS BULLOCK,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-16-cr-00264-001)
District Judge: Honorable Matthew W. Brann
_____

Submitted March 2, 2020
Before: SMITH, *Chief Judge*, HARDIMAN, and KRAUSE,
*Circuit Judges*.

(Filed: August 11, 2020)


Christy Martin
Federal Community Defender Office

for the Eastern District of Pennsylvania
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA 19106
	*Attorney for Appellant Julious Bullock*

Robert O'Hara
Office of United States Attorney
235 North Washington Avenue
P.O. Box 309, Suite 311
Scranton, PA 18503
	*Attorney for Appellee United States of America*

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

The question presented is whether 18 U.S.C. § 111(b)—assaulting, resisting, or impeding certain officers or employees of the United States—is categorically a crime of violence under § 4B1.1 of the United States Sentencing Guidelines. We hold that it is.

I

Following an altercation with a correctional officer at the United States Penitentiary in Lewisburg in 2016, Julious Bullock pleaded guilty to knowingly and intentionally forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with a correctional officer in violation of 18 U.S.C. § 111(a) and (b). At sentencing, the District Court adopted the

Presentence Investigation Report's (PSR) Guidelines calculation in its entirety. Based on the Court's determination that Bullock qualified as a career offender under U.S.S.G. § 4B1.1, his Guidelines range was 151 to 188 months' imprisonment. The Court gave Bullock a substantial downward variance, imposing a sentence of 84 months' imprisonment.

Bullock timely appealed, challenging the District Court's career offender designation. Bullock argues his conviction under 18 U.S.C. § 111 is not categorically a crime of violence.[1]

---

[1] Relying on our precedent in *United States v. Joseph*, 730 F.3d 336, 341 (3d Cir. 2013), the Government argues Bullock failed to preserve this argument in the District Court. *Id.* at 342 ("[T]o preserve an argument and avoid waiver, the argument[s] presented in the Court of Appeals must depend on both the same legal rule and the same facts as the argument presented in the District Court."). Bullock raised the argument, albeit briefly, in the objections he filed to the PSR. Crucially, Bullock also maintains the District Court discussed and ruled upon his argument during an unrecorded telephone conference improperly excluded from the record. *See* App. 105 (referencing the "sentencing conference held on this matter"). At sentencing, Bullock's counsel noted "Bullock [] simply wants to make sure that Your Honor is aware that the objection for the career offender is still outstanding from the defense." App. 171–72. The Court responded it thought it had made a ruling on that and it was a matter Bullock could "certainly take up with the Court of Appeals." *Id.* at 172. Taken together, the record indicates Bullock's objections were discussed and ruled upon. So the argument was preserved.

3

## II

Before he pleaded guilty in this case, Bullock had two prior convictions for robbery in North Carolina. The District Court found—and Bullock does not contest—that those convictions corresponded to generic robbery under U.S.S.G. § 4B1.2(a)(2). So Bullock is a career offender if his conviction in this case is a crime of violence. Section 111 states:

(a) In general.--Whoever--

(1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties . . .

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

(b) Enhanced penalty.--Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111.

Since subsections (a) and (b) carry different punishments, subsection (b) constitutes a different offense. *United States v. Henderson*, 841 F.3d 623, 630 (3d Cir. 2016). Accordingly, the Government argues that § 111 is divisible and the modified categorical approach applies. Bullock has not argued that § 111 is indivisible, Bullock Reply Br. 8., and does not mention the modified categorical approach in either of his briefs. But he acknowledges—consistent with our prior decision in *United States v. McCulligan*, 256 F.3d 97 (3d Cir. 2001)—that "Section 111 sets forth three separate crimes for the use of varied forcible conduct." Bullock Br. 9. In *McCulligan*, we held that "§§ 111(a) and 111(b) create three separate offenses: simple assaults, other 'non-simple' assaults not involving a dangerous weapon or injury, and assaults that involve a dangerous weapon or cause injury." 256 F.3d at 102 (citation omitted).[2]

Because § 111 creates three separate offenses, we join several of our sister circuits and hold that § 111 is divisible. *See United States v. Bates*, 960 F.3d 1278, 1286 (11th Cir. 2020) ("Thus, the statute is divisible, and the modified categorical approach applies."); *United States v. Kendall*, 876 F.3d 1264, 1269 (10th Cir. 2017) ("[W]e conclude the statute is divisible as a whole."); *United States v. Taylor*, 848 F.3d 476, 492 (1st Cir. 2017) (holding the statute "is plainly divisible"); *United States v. Rafidi*, 829 F.3d 437, 445 (6th Cir. 2016) (holding

---

[2] In *McCulligan*, we did not have occasion to consider whether assaultive conduct is *always* required under § 111 and we do not reach that issue today.

§ 111 "sets forth 'three separate crimes'") (citation omitted); *United States v. Hernandez-Hernandez*, 817 F.3d 207, 212 (5th Cir. 2016) ("But the parties agree, and our cases confirm, that § 111 is divisible."); *see also United States v. Juvenile Female*, 566 F.3d 943, 947 (9th Cir. 2009) ("The appropriate question before us, therefore, is whether an 'assault involving a deadly or dangerous weapon or resulting in bodily injury,' under 18 U.S.C. § 111, is, categorically, a crime of violence." ). So we will apply the modified categorical approach. *United States v. Ramos*, 892 F.3d 599, 606–07 (3d Cir. 2018).

The modified categorical approach requires us to determine which subsection of § 111 Bullock violated. To do so, we inquire into the record of conviction "solely to determine the particular subpart under which the [defendant] was convicted." *Jean-Louis v. Att'y Gen.*, 582 F.3d 462, 474 n.16 (3d Cir. 2009) (citations omitted). The analysis then proceeds in the same manner as under the traditional categorical approach.

Guidelines § 4B1.1 provides that a defendant is a career offender if, among other factors, the "instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Section 4B1.2(a)(1) then defines a "crime of violence" as any offense punishable by more than one year in prison which "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). This provision is known as the elements clause. *See United States v. Wilson*, 880 F.3d 80, 83 n.2 (3d Cir. 2018).

In determining whether a specific offense qualifies as a "crime of violence" under § 4B1.1, we "compare the elements of the statute under which the defendant was convicted to the

[G]uidelines' definition of crime of violence." *Id.* at 83 (citation and internal quotation marks omitted). When analyzing a statute under the elements clause, we must determine whether "the use, attempted use, or threatened use of physical force against another person is categorically an element of the offense of conviction." *Ramos*, 892 F.3d at 606 (citation omitted). If it is, then the conviction is for a "crime of violence" under the Guidelines. *Id.*

Under the modified categorical approach, we look to the record of conviction to determine whether Bullock violated § 111(a) or § 111(b). *Mathis v. United States*, 136 S. Ct. 2243, 2256 (2016) (explaining the modified categorical approach permits courts to "review the record materials to discover which of the enumerated alternatives played a part in the defendant's [] conviction"). Bullock pleaded guilty to a violation of "18 U.S.C. §§ 111(a)&(b)." App. 7. The citation to both subsections indicates subsection (b) "was the operative statutory provision." *See Hernandez-Hernandez*, 817 F.3d at 214 & n.7.

Subsection (b) carries an enhanced penalty for offenders who use "a deadly or dangerous weapon" or who "inflict[] bodily injury." 18 U.S.C. § 111(b). Six circuit courts have already held that subsection (b) is a crime of violence. *See Bates*, 960 F.3d at 1285; *Kendall*, 876 F.3d at 1269–70; *Taylor*, 848 F.3d at 491–95; *Rafidi*, 829 F.3d at 445; *Hernandez-Hernandez*, 817 F.3d at 217; *Juvenile Female*, 566 F.3d at 947–48. Once again, we join the chorus. As the Tenth Circuit succinctly explained in *Kendall*, "a conviction under § 111(b) necessarily requires a finding the defendant intentionally used, attempted to use, or threatened to use physical force against the person of another." 876 F.3d at 1270 (internal quotations marks and alterations omitted) (quoting *Hernandez-Hernandez*, 817

7

F.3d at 217). Here, Bullock pleaded guilty to the enhanced penalty under § 111(b).[3]

A defendant may violate § 111(b) by committing forcible assault and either (1) using a deadly or dangerous weapon, or (2) inflicting bodily injury. 18 U.S.C. § 111(b). In the first scenario, a deadly or dangerous weapon includes "any object which, as used or attempted to be used, may endanger the life of or inflict great bodily harm on a person." *United States v. Sanchez*, 914 F.2d 1355, 1358–59 (9th Cir. 1990) (collecting cases). "[T]he object's latent capability . . . coupled with the manner of its use, is determinative." *United States v. Loman*, 551 F.2d 164, 169 (7th Cir. 1977) (citation omitted). "A defendant who acts 'forcibly' using a deadly or dangerous weapon under § 111(b) must have used force by making physical contact with the federal employee, or at least threatened the employee, with an object that, as used, is capable of causing great bodily harm." *Taylor*, 848 F.3d at 494. As the First Circuit aptly concluded, "this enhancement necessarily requires the use or threat of force 'capable of

---

[3] Under both the unenhanced offense of § 111(a) and the enhanced offense of § 111(b), the government must prove the defendant acted "forcibly." 18 U.S.C. § 111(a). "The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by 'such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.'" *Taylor*, 848 F.3d at 493 (quoting *Rafidi*, 829 F.3d at 446). We need not decide here whether either offense under § 111(a) qualifies as a crime of violence, because Bullock pleaded guilty to the enhanced penalty under § 111(b).

causing physical pain or injury to another.'" *Id.* (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)).

In the second scenario, "[a]n assault that causes bodily injury by definition involves the use of physical force." *Kendall*, 876 F.3d at 1270. The Supreme Court has defined physical force as "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140. A forcible assault causing bodily injury is a "crime of violence" because it requires the use of physical force. *See Bates*, 960 F.3d at 1287; *Taylor*, 848 F.3d at 494 ("If a slap in the face counts as violent force under *Johnson* because it is capable of causing pain or injury, a forcible act that injures does, too, because the defendant necessarily must have committed an act of force in causing the injury[.]") (internal citation and quotation marks omitted). The bottom line is that a defendant who violates § 111(b) has used physical force against the person of another, either through employing a deadly or dangerous weapon or by inflicting bodily injury.

III

Relying on an Eighth Circuit case, *United States v. Murdock*, 826 F.2d 771 (8th Cir. 1987), Bullock argues that § 111 is not a crime of violence because one can violate the statute by indirectly causing bodily injury (*i.e.*, without physical force as defined by the Supreme Court in *Johnson*, 559 U.S. at 140), or by using a deadly or dangerous weapon to interfere with an official, but without deploying or threatening to deploy that weapon against the person of that officer.

In *Murdock*, a dispute over whether the defendant's cattle were allowed to graze on public land turned ugly. After Murdock and a park ranger argued, Murdock "drove up on his

9

motorcycle, got into the [park ranger's] jeep, and drove it away from the gate." *Id.* at 772. When the ranger ran back to the jeep and "leaned in through the open window to try to pull the keys out of the ignition[,] Murdock resisted her and tried to roll up the window in the passenger door." *Id.* He then "turned the engine off, opened the hood, and pulled the distributor wire off the distributor to disable the vehicle." *Id.* Bullock interprets this case to mean that the "forcible conduct" required by the plain language of § 111 need not be directed "against the person of another" as required by Guidelines §§ 4B1.1 and 4B1.2(a)(1).

*Murdock* is distinguishable from Bullock's case. First and most critically, at the time of Murdock's conviction, § 111 did not contain separate subsections as it does now. Though it did contain an unnamed enhanced penalty for use of a deadly or dangerous weapon, there is no indication Murdock received that enhanced penalty. In fact, Murdock received only a one-year suspended jail term and two years of probation. *Murdock*, 826 F.2d at 772. So *Murdock* sheds no light on the current version of § 111, which we (and six of our sister courts) have held to be divisible.

We likewise disagree with Bullock's broader argument, supposedly illustrated by the facts in *Murdock*, that "[n]either bodily injury nor use of a deadly weapon under § 111(b) need have resulted from force used against the person." Bullock Br. 12. The defendant's forcible conduct must take the form of either contact with the officer or else "such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death." *Taylor*, 848 F.3d at 493 (internal quotation marks omitted). Contrary to Bullock's assertion, the force contemplated by the statute, in other words, must be directed at the officer and the plain text of the statute makes

10

clear that the bodily injury must be "inflict[ed]" by the defendant "in the commission of" the acts set forth in § 111(a). This is only bolstered by the Supreme Court's and our Court's rejection of Bullock's attempted distinction between direct and indirect force that results in bodily injury. *United States v. Castleman*, 572 U.S. 157, 170 (2014) ("And the common-law concept of 'force' encompasses even its indirect application . . . . It is impossible to cause bodily injury without applying force in the common-law sense."); *United States v. Chapman*, 866 F.3d 129, 132–33 (3d Cir. 2017) ("It is important to note that the use of physical force does not require that the person employing force *directly* apply harm to—*i.e.*, strike—the victim.") (emphasis in original); *accord Rafidi*, 829 F.3d at 446 ("[E]ven if the defendant [does] not come into physical contact with the officers at all, the government still must establish the 'forcible' element [required by § 111]."). And it applies with equal force to the enhancement for a deadly or dangerous weapon. The use of such a weapon "in the commission of" an act that includes either the deployment of force against an officer or the threat of force is plainly a crime of violence.

\*　　\*　　\*

For the reasons stated, we hold 18 U.S.C. § 111(b) is categorically a crime of violence under the Sentencing Guidelines. And because Bullock was properly designated a career offender, we will affirm his judgment of sentence.

11