Gray v. United States of America

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2020

(Submitted: October 20, 2020          Decided: November 13, 2020)

Docket No. 20-790

_____

DUROME GRAY,

*Petitioner-Appellant*,

—v.—

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

_____

Before: SACK, KATZMANN, and NARDINI, *Circuit Judges.*

_____

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*) denying relief under 28 U.S.C. § 2255 and denying a certificate of appealability. We hold that an offense under 18 U.S.C. § 111(b) is a categorical crime of violence within the meaning of 18 U.S.C. § 924(c)(3)(A) and therefore **DENY** Petitioner's motion for a certificate of appealability.

_____

EUNICE C. LEE, Federal Defenders of New York, Inc., New York, NY, *for Petitioner-Appellant.*

JOHN VAGELATOS, Assistant United States Attorney, *for* Seth D. DuCharme, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY, *for Respondent-Appellee.*

_____

PER CURIAM:

It is a federal crime under 18 U.S.C. § 924(c)(1)(A) to use a firearm "during and in relation to any crime of violence." The question presented is whether assaulting a federal officer under 18 U.S.C. § 111(b) is categorically a "crime of violence." We join six other courts of appeals in holding that it is.[1]

## I. Procedural History

Durome Gray pleaded guilty in 2012 to assaulting a federal officer, in violation of 18 U.S.C. §§ 111(a)(1) and (b), and to using a firearm during that assault, in violation of 18 U.S.C. § 924(c). Gray later filed a motion under 28 U.S.C.

---

[1] *See United States v. Bullock*, 970 F.3d 210 (3d Cir. 2020); *United States v. Bates*, 960 F.3d 1278 (11th Cir. 2020); *United States v. Kendall*, 876 F.3d 1264 (10th Cir. 2017); *United States v. Taylor*, 848 F.3d 476 (1st Cir. 2017); *United States v. Rafidi*, 829 F.3d 437 (6th Cir. 2016); *United States v. Hernandez-Hernandez*, 817 F.3d 207 (5th Cir. 2016). Some of these cases addressed this issue in the context of § 924(c), while others did so in the context of the substantively similar provisions in the Sentencing Guidelines. The Ninth Circuit likewise held that § 111(b) is a crime of violence for the purposes of a nearly identically worded statute, *see United States v. Juvenile Female*, 566 F.3d 943 (9th Cir. 2009), but that decision predates the Supreme Court's decision in *Johnson v. United States*, 559 U.S. 133 (2010).

§ 2255 to vacate his § 924(c) conviction on the ground that it lacked a legal predicate because § 111 does not qualify as a "crime of violence." The district court (Cogan, *J.*) denied the motion and denied a certificate of appealability. Gray now moves for such a certificate.

A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A defendant may not appeal from a final order in a § 2255 proceeding without such a certificate. *Id.* § 2253(c)(1).

## II. Discussion

Section 924(c) imposes heightened penalties on "any person who, during and in relation to any crime of violence[,] . . . uses or carries a firearm." 18 U.S.C. § 924(c)(1)(A). The statute defines a "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(A).[2] The term "use" means the "active employment" of physical force. *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004)

---

[2] While the statute contains an alternative definition of "crime of violence," 18 U.S.C. § 924(c)(3)(B), the Supreme Court has struck down that definition as unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).

(interpreting 18 U.S.C. § 16).[3] "Physical force" means "violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis omitted) (interpreting 18 U.S.C. § 924(e)(2)(B)(i)).

Courts employ the "categorical" approach to determine whether an offense is a crime of violence. Under the categorical approach, we compare the elements of the offense (here, § 111) to the statutory definition of "crime of violence" (here, § 924(c)), without regard to the particular facts of the defendant's offense conduct. *See, e.g.*, *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). If the statute of offense is "divisible" — *i.e.*, it defines multiple separate crimes — we apply the "modified categorical" approach and look at "a limited class of documents" from the record of conviction to "determine what crime, with what elements, a defendant was convicted of." *Id.* at 2249.

We agree with our sister circuits that § 111 is divisible. *See, e.g., United States v. Taylor*, 848 F.3d 476, 492 (1st Cir. 2017); *see also United States v. Chestaro*, 197 F.3d 600, 606 (2d Cir. 1999) (recognizing that § 111 "creates three distinct categories of conduct"). As such, we apply the modified categorical approach, and our task here

---

[3] Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

is straightforward: Gray concedes that he pleaded guilty to both of the offenses defined by § 111(a)(1) and § 111(b), the government took the same position before the district court, and the record of conviction likewise indicates that Gray pleaded guilty to § 111(a)(1) and § 111(b).

Section 111 states in relevant part:

> (a) (1) [Whoever] forcibly assaults, resists, opposes, impedes, intimidates, or interferes with [a qualifying federal official in specified circumstances] . . . shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

> (b) Enhanced penalty. Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon . . . or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

Because a violation of § 111(b) requires more violent conduct than a violation of § 111(a)(1) alone, we focus on whether § 111(b) is a crime of violence. If it is, then Gray's § 924(c) conviction is proper and we need not examine whether § 111(a)(1) is a categorical crime of violence. Thus, the key question before us is this: Can someone be convicted of violating § 111(b) without the "use, attempted use, or threatened use of physical force against the person or property of another?"

5

18 U.S.C. § 924(c)(3)(A). If the answer is no, then § 111(b) is a categorical crime of violence.

There are two key components to a § 111(b) violation. First, the person must have committed one of the acts described in § 111(a) — *i.e.*, forcibly assault, resist, oppose, impede, intimidate, or interfere with a qualifying victim in specified circumstances. Second, in committing the act, the person must have either "use[d] a deadly or dangerous weapon" or "inflict[ed] bodily injury." *Id.* § 111(b). Because using such a weapon and inflicting bodily injury independently satisfy the physical force requirement of § 924(c)(3)(A), we hold that a § 111(b) offense is a categorical crime of violence.

## A. "Uses a deadly or dangerous weapon"

We agree with the First Circuit, which, along with other courts of appeals, has held that "[a] defendant who acts forcibly using a deadly or dangerous weapon under § 111(b) must have used force by making physical contact with the federal employee, or at least threatened the employee, with an object that, as used, is capable of causing great bodily harm." *Taylor*, 848 F.3d at 494. This suffices under *Johnson* because it constitutes "force capable of causing physical pain or injury to another person." 559 U.S. at 140.

6

Gray argues that "dangerous weapon" can mean many things, and that one could be convicted under § 111(b) by "merely tap[ping] a Marshal with a nightstick." Appellant's Br. 17, ECF No. 22. We disagree. Whether something is a "dangerous" weapon depends on how it is used. *See, e.g.*, *United States v. Mumuni Saleh*, 946 F.3d 97, 108 (2d Cir. 2019) ("[T]he question of whether an object constitutes a dangerous weapon hinges, in part, on the manner in which the object is used, as many objects, even those seemingly innocuous, may constitute dangerous weapons."). Section 111(b) requires that the defendant have "use[d]" the dangerous weapon, which implies that the object was used *as a dangerous weapon*, not merely as an implement by which to do something more innocuous. So understood, the "use" of a dangerous weapon in the course of a § 111(b) assault or battery constitutes the "use, attempted use, or threatened use of physical force against the person . . . of another" under 18 U.S.C. § 924(c)(3)(A).

### B. "Inflicts bodily injury"

We likewise hold that a § 111(b) offense involving the infliction of bodily injury by means of a forcible assault or battery necessarily involves physical force as defined by *Johnson* and required by § 924(c)(3)(A). Gray argues that the mere fact that a common-law assault or battery caused an injury does not mean that the

7

action involved physical force. He poses a hypothetical scenario where "a defendant deliberately intimidated or interfered with an approaching officer by suddenly yelling or sounding an alarm or bullhorn, startling the officer, who then fell down a flight of stairs." Appellant's Br. 14. However, 18 U.S.C. § 111(b) does not apply to someone who merely "causes" bodily injury; it applies only to someone who "inflicts" bodily injury. As the Seventh Circuit has held, the word "inflict" is more restrictive than the word "cause." *United States v. Jackson*, 310 F.3d 554, 557 (7th Cir. 2002). Thus, in *Jackson*, the court held that "appl[ying] force directly to [a federal official]'s person" during an arrest violates § 111(b), while a federal official "tripp[ing] on his untied shoelaces while walking over to apply handcuffs" does not. *Id.*

The Sixth Circuit has likewise held that "as used in § 111(b), 'inflict' refers to physical, not proximate, causation" and that "[t]he person whose action was the direct physical cause of [the injury], therefore, is the person who inflicted it for purposes of § 111(b)." *United States v. Zabawa*, 719 F.3d 555, 560 (6th Cir. 2013). In *Zabawa*, a prisoner assaulted a prison guard, and in response, the guard headbutted the prisoner, leaving the guard with a cut on his forehead. *Id*. at 558. The court reversed the prisoner's § 111(b) conviction, holding that although the

8

prisoner's assault was a *cause* of the guard's wound, the government did not prove that the prisoner *inflicted* the wound. Rather, the court noted, the guard might have inflicted the wound on himself. *Id.* at 557–58, 561; *see also United States v. Bullock*, 970 F.3d 210, 216 (3d Cir. 2020) ("[T]he force contemplated by [§ 111(b)] . . . must be directed at the officer and the plain text of the statute makes clear that the bodily injury must be inflicted by the defendant in the commission of the acts set forth in § 111(a).").

Under this reading of § 111(b), we agree with our sister courts of appeals that infliction of bodily injury by means of a forcible assault or battery necessarily involves physical force as defined by *Johnson*. *See, e.g., Taylor*, 848 F.3d at 494 ("If a slap in the face counts as violent force under *Johnson* because it is capable of causing pain or injury, a forcible act that injures does, too, because the defendant necessarily must have committed an act of force in causing the injury."). And because both acts in § 111(b) — use of a deadly or dangerous weapon and infliction of bodily injury — entail physical force, we hold that an offense under § 111(b) is a categorical crime of violence.

## III.   Conclusion

Because we hold that an offense under § 111(b) is a categorical crime of violence, Gray has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We therefore **DENY** the motion for a certificate of appealability.