CLD-063                                                                                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2981
_____

UNITED STATES OF AMERICA

v.

JULIOUS BULLOCK,
                                                            Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 4-16-cr-00264-001)
District Judge:  Honorable Matthew W. Brann

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
January 7, 2021
Before:  RESTREPO, MATEY and SCIRICA, Circuit Judges

(Opinion filed January 28, 2021)
_____

OPINION[*]
_____

PER CURIAM

    Pro se appellant Julious Bullock appeals the District Court's order denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1).  The Government has

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

filed a motion for summary affirmance. We will grant the Government's motion and summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 2016, after head-butting a correctional officer, Bullock pleaded guilty to assaulting, resisting, or impeding an employee of the United States in violation of 18 U.S.C. § 111(b). Based on his lengthy criminal history, he qualified as a career offender under U.S.S.G. § 4B1.1. The District Court sentenced him to a term of 84 months' imprisonment, well below the Guidelines range of 151 to 188 months' imprisonment. We affirmed. See United States v. Bullock, 970 F.3d 210, 214 (3d Cir. 2020). Both prior to and after this incident, Bullock repeatedly violated prison rules, accumulating at least 32 misconducts, including possession of a dangerous weapon, assault, and threatening to rape a nurse.

In July 2020, Bullock filed a motion for compassionate release, arguing that his asthma, kidney disease, and high blood pressure rendered him especially vulnerable to COVID-19. See ECF No. 85; see generally 18 U.S.C. § 3582(c)(1)(A)(i) (providing that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction"). The Government opposed the motion, arguing that Bullock's medical conditions were well controlled and that the factors set forth in 18 U.S.C. § 3553(a) counseled against his release. See ECF No. 88. The District Court denied the motion. See ECF No. 97. The Court agreed with Bullock that his medical diagnoses placed him at increased risk from COVID-19, but concluded that, because Bullock had served less than a quarter of his sentence, was imprisoned due to a serious crime, and had a lengthy history of convictions and misconducts, the § 3553(a) factors weighed against release.

Bullock appealed. In this Court, the Government has moved for summary affirmance and Bullock has filed a motion for appointment of counsel.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for abuse of decision, and thus "will not disturb the District Court's decision 'unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (alteration omitted) (quoting Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000)). We will take summary action if "no substantial question is presented." 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

We will affirm the District Court's order. Before granting compassionate release, the District Court was required to consider the factors set forth in § 3553(a), Pawlowski, 967 F.3d at 329, and we discern no error in the District Court's analysis of those factors. It was permissible for the District to consider the substantial time remaining to be served on Bullock's sentence. See id. at 331. It was likewise reasonable for the Court to deny relief based in part on Bullock's criminal history, see § 3553(a)(1); United States v. Brito, 979 F.3d 185, 191 (3d Cir. 2020), and institutional infractions, see United States v. Ramos, 979 F.3d 994, 1004 (2d Cir. 2020) (explaining that "the failure to abide by institutional regulations is surely relevant under section 3553(a)" (quotation marks, alteration omitted)). While Bullock argues that the District Court should have placed more weight on his medical condition, we cannot conclude that the Court abused its

3

discretion in weighing the factors in the way it did.  See Pawlowski, 967 F.3d at 331;

United States v. Seibert, 971 F.3d 396, 402 (3d Cir. 2020).[1]

Accordingly, we will grant the Government's motion and summarily affirm the District Court's order.  We also deny Bullock's motion to appoint counsel.

[1] Nor did the District Court err in declining to appoint counsel for Bullock.