FILED
United States Court of Appeals
Tenth Circuit

December 8, 2023

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

NICHOLAS NEWMAN,

  Defendant - Appellant.

No. 23-3120
(D.C. Nos. 2:22-CV-02386-JAR &
2:20-CR-20014-JAR-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **BRISCOE**, and **EID**, Circuit Judges.
_____

Appellant Nicholas Newman seeks a certificate of appealability ("COA") to

appeal the district court's denial of his motion to vacate, set aside, or correct his sentence

under 28 U.S.C. § 2255. For the reasons explained below, we deny Newman's request for

a COA and dismiss this matter.

I

On May 19, 2021, Newman entered into a binding plea agreement pursuant to Fed.

R. Crim. P. 11(c)(1)(C) and pleaded guilty to one count of forcible assault of a federal

officer using a dangerous weapon in violation of 18 U.S.C. § 111(a)(1) and (b), and one

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

count of using, carrying, possessing, or brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(c)(3)(A), and 2. These charges stemmed from a gun sale to an undercover Alcohol, Tobacco, and Firearms agent during which the agent suffered injuries to her hand when struggling for the gun with Newman.

The plea agreement included a waiver provision providing that Newman "knowingly and voluntarily waive[d] any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein," except if the district court imposed a sentence exceeding the recommendation by the parties under Rule 11(c)(1)(C). Aplt. App., Vol. I at 30. However, Newman did not waive "any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct." *Id.*

In June 2021, one month after Newman entered a guilty plea, the Supreme Court clarified that the term "crime of violence," as used in 18 U.S.C. § 924(c), does not encompass offenses with a *mens rea* of recklessness. *See Borden v. United States*, 141 S. Ct. 1817, 1821–22 (2021) (interpreting 18 U.S.C. § 924(e)); *see also United States v. Kepler*, 74 F.4th 1292, 1302 (10th Cir. 2023) (observing that 18 U.S.C. § 924(e) uses "near-identical language" to define "violent felonies" as § 924(c)(3)(A) uses to define "crimes of violence").

On September 27, 2021, the district court sentenced Newman to 120 months on the 18 U.S.C. § 111 count and 60 months on the 18 U.S.C. § 924(c) count, totaling 180 months of imprisonment.

Exactly one year later, Newman moved under 28 U.S.C. § 2255 to vacate his 18 U.S.C. § 924(c) conviction and remand for an evidentiary hearing on his sentence. Specifically, Newman asserted that he is actually innocent of his 18 U.S.C. § 924(c) conviction because after *Borden*, 18 U.S.C. § 111(a)(1) and (b) are not crimes of violence capable of supporting an 18 U.S.C. § 924(c) conviction. In response, the government moved for enforcement of the collateral attack waiver provision in the plea agreement.

On April 28, 2023, the district court dismissed Newman's motion and denied a COA. In its ruling on the motion, the district court enforced the plea agreement's collateral attack waiver provision, concluding that (1) Newman's actual innocence claim fell within its scope, (2) he entered into the agreement knowingly and voluntarily, and (3) enforcement of the waiver provision would not result in a miscarriage of justice. The district court further determined that, irrespective of the waiver provision, Newman was not actually innocent of violating 18 U.S.C. § 924(c) because 18 U.S.C. § 111(b) qualifies as a predicate crime of violence.

Newman now requests a COA from this court in order to challenge the district court's denial of his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B). He seeks to raise two arguments on appeal: (1) the collateral attack waiver provision in his plea agreement is unenforceable because it violates the unconstitutional conditions doctrine, or in the alternative, because its enforcement would result in a miscarriage of justice, and (2) he is actually innocent of his 18 U.S.C. § 924(c) conviction because 18 U.S.C. § 111 does not qualify as a crime of violence. We note, his first argument regarding the alleged unenforceability of his waiver was not raised before the district court. Arguments not

3

raised before the district court are forfeited. *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127 (10th Cir. 2011).

## II

We can grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For constitutional claims denied on the merits, the movant must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For claims denied on the basis of a procedural ruling, the movant must show that reasonable jurists could debate the validity of the underlying constitutional claim and the correctness of the district court's procedural ruling. *Id*.

In order for us to reach the merits of Newman's substantive claim for vacating his sentence, he must prevail in his initial arguments challenging the enforceability of the collateral attack waiver provision. However, if reasonable jurists could not disagree as to the district court's resolution of his claim of actual innocence, then it is immaterial whether there is merit to his challenge to the waiver provision. Thus, our focus begins with Newman's assertion of actual innocence.

Newman argued before the district court that his conviction for violation of 18 U.S.C. § 111 does not qualify as a crime of violence which would support a conviction under 18 U.S.C. § 924(c) because it can be committed with a *mens rea* of mere recklessness. The statute at issue here, 18 U.S.C. § 924(c)(1)(A), enhances the sentence of a person who uses or possesses a firearm while committing a crime of violence. The statute defines "crime of violence" to include any federal felony that "has as an element

4

the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). This definition—in particular, the phrase "against . . . another" when describing the use of physical force—requires a *mens rea* akin to knowledge or intent. *Borden*, 141 S. Ct. at 1828. An offense that mandates only a *mens rea* of recklessness does not qualify as a crime of violence. *Id.* at 1830.

For reference, Newman pleaded guilty to 18 U.S.C. § 111(b), a felony carrying a maximum penalty of up to 20 years in prison. This subsection of the statute requires proof of the use of a deadly or dangerous weapon or the infliction of bodily injury "in the commission of any of the acts described in subsection (a)." 18 U.S.C. § 111(b). Subsection (a) outlines a violation as occurring when an individual "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any [officer or employee of the United States] while engaged in or on account of the performance of official duties." 18 U.S.C. § 111(a)(1).

The district court first determined that Newman violated 18 U.S.C. § 111(b) because he used a dangerous weapon in the commission of a forcible assault on a federal officer. The district court then concluded that under Tenth Circuit precedent, 18 U.S.C. § 111(b) remains a crime of violence after *Borden* and qualifies as predicate felony offense for Newman's 18 U.S.C. § 924(c) conviction.

Specifically, the district court relied on *United States v. Kendall*, 876 F.3d 1264 (10th Cir. 2017), to support its conclusion. Therein, we held that a conviction under 18 U.S.C. § 111(b) constitutes a crime of violence. *Kendall*, 876 F.3d at 1270 (interpreting U.S.S.G. § 4B1.2, which uses near-identical language to 18 U.S.C. § 924(c)(3)(A)). In so

holding, we explicitly stated that a "conviction under § 111(b) necessarily require[s] a finding [that] [the defendant] *intentionally* used, attempted to use, or threatened to use physical force against the person of another." *Id.* (quoting *United States v. Hernandez-Hernandez*, 817 F.3d 207, 217 (5th Cir. 2016)) (emphasis added). Contrary to Newman's assertions, as 18 U.S.C. § 111(b) requires a more culpable *mens rea* than mere recklessness it satisfies Borden's definition of a crime of violence.

We further note that at least two post-*Borden* decisions from our sister circuits have held that 18 U.S.C. § 111(b) requires an intentional assault and, thus, qualifies as a predicate crime of violence to sustain a conviction under 18 U.S.C. § 924(c). *See, e.g.*, *United States v. McDaniel*, 85 F.4th 176, 186 (4th Cir. 2023); *United States v. Medearis*, 65 F.4th 981, 987 (8th Cir. 2023).

Given this authority, no reasonable jurist would debate the district court's dismissal of Newman's 28 U.S.C. § 2255 motion with respect to his actual innocence claim. As such, Newman's arguments challenging the enforceability of the collateral attack waiver provision are moot without an underlying justification for vacating, setting aside, or correcting his sentence. Newman fails to meet his burden to obtain a COA on either of the issues presented for appeal.

III

We therefore DENY Newman's request for a COA and dismiss this matter.


Entered for the Court


Mary Beck Briscoe
Circuit Judge